## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KANOPY HOLDINGS, INC. and
CHRISTOPHER RORK,

                Plaintiffs,

      v.

WL GROUP LTD, PO CHIU YUEN
(aka Larry Yuen), and WING LUEN
KNITTING FACTORY LTD.,

           Defendants.

Case No.  1:21-CV-03304-SDG

## DEFENDANT WL GROUP LIMITED'S RESPONSE IN OPPOSITION
## TO PLAINTIFFS' SECOND MOTION FOR LEAVE TO
## FILE SECOND AMENDED COMPLAINT

Mary M. Weeks, GA Bar No. 559181
Bianca N. DiBella, GA Bar No. 820341
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
Tel:  (404) 885-3000
Fax:  (404) 885-3900
mary.weeks@troutman.com
bianca.dibella@troutman.com

*Attorneys for WL Group Limited*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................1

FACTUAL & PROCEDURAL BACKGROUND.....................................................2

    I.    Procedural History ........................................................................................2

    II.   The Court's Prior Order ...............................................................................3

    III.  The October SAC ..........................................................................................4

STANDARD OF REVIEW .......................................................................................5

ARGUMENT & CITATION OF AUTHORITY .......................................................6

    I.    Plaintiffs' Proposed Amendments Are Futile .....................................6

        A.    The Breach of Fiduciary Duty Claim Fails As A Matter Of Law. .............................................................................................7

        B.    Plaintiffs Do Not Adequately Allege A Breach Of Contract. ..................................................................................... 10

            1.    The Agreements By Their Own Terms Bar Plaintiffs' Claims. ............................................................. 10

            2.    Plaintiffs Have Ratified Any Alleged Breaches Of The Agreements And, Thus, Forfeited Any Claim. ...... 12

    II.   Plaintiffs' Proposed Amendments Will Prejudice WL Group And Further Delay The Inevitable Dismissal Of Their Claims. ........ 14

CONCLUSION....................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burger King Corp. v. Weaver*,
   169 F.3d 1310 (11th Cir. 1999) ........................................................... 5

*Cardelle v. Miami-Dade Cty.*,
   609 F. App'x 632 (11th Cir. 2015) ..................................................... 17

*Cavalino v. Cavalino*,
   601 F. Supp. 74 (N.D. Ga. 1984) ......................................................... 1

*Christianson v. Colt Industries Operating Corp.*,
   486 U.S. 800 (1988) ........................................................................... 18

*Cianci v. JEM Enters., Inc.*,
   No. 16419-NC, 2000 WL 1234647 (Del. Ch. Aug. 22, 2000) ............ 12

*Feeley v. NHAOCG, LLC*,
   62 A.3d 649 (Del. Ch. 2012) ................................................................ 8

*Feldman v. Am. Dawn, Inc.*,
   849 F.3d 1333 (11th Cir. 2017) ............................................................ 5

*Friedlander v. Nims*,
   755 F.2d 810 (11th Cir. 1985) ........................................................... 17

*Gale v. Bershad*,
   No. 15714, 1998 WL 118022 (Del. Ch. Mar. 4, 1998) ....................... 9

*L.S., ex rel. Hernandez v. Peterson*,
   982 F.3d 1323 (11th Cir. 2020) ............................................................ 6

*Jackson v. BellSouth Telecomms.*,
   372 F.3d 1250 (11th Cir. 2004) ......................................................... 15

*Jenkins Brick Co. v. Bremer*,
   321 F.3d 1366 (11th Cir. 2003) ......................................................... 17

*Kelley v. JP Morgan Chase Bank*,
No. 1:11-CV-2497, 2012 WL 12873616 (N.D. Ga. Oct. 22, 2012)................17

*Madison Realty Partners 7, LLC v. Ag ISA, LLC*,
No. 18094, 2001 WL 406268 (Del. Ch. Apr. 17, 2001)......................................9

*Mizzaro v. Home Depot, Inc.*,
544 F.3d 1230 (11th Cir. 2008) ........................................................................16

*O'Brien v. Union Oil Co.*,
699 F. Supp. 1562 (N.D. Ga. 1988)....................................................................5

*Phunware, Inc. v. Excelmind Grp. Ltd.*,
117 F. Supp. 3d 613 (D. Del. 2015) ..................................................................11

*Rana Fin., LLC v. City Nat'l Bank of N.J.*,
347 F. Supp. 3d 1147 (S.D. Fla. 2018)................................................................9

*Reese v. Herbert*,
527 F.3d 1253 (11th Cir. 2008) ..........................................................................5

*Stewart v. Wilmington Tr. SP Servs., Inc.*,
112 A.3d 271 (Del. Ch. 2015) .............................................................................7

*Weiland v. Palm Beach Cty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ........................................................................15

**Statutes**

8 *Del. C.* § 141(b) ..................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 8...........................................................................2, 3, 9, 16

Fed. R. Civ. P. 9(b) .......................................................................3, 8, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................5

Fed. R. Civ. P. 15(a)(2)..........................................................................5

Fed. R. Civ. P. 25(a) ...............................................................................1

Defendant WL Group Limited ("WL Group")[1] respectfully submits this response in opposition to Plaintiffs' Second Motion for Leave to File Second Amended Complaint (the "Motion").[2]

## PRELIMINARY STATEMENT

Plaintiffs Kanopy Holdings, Inc. ("Kanopy Holdings") and Christopher Rork ("Rork") **again** submit a proposed Second Amended Complaint (the "October SAC") that fundamentally fails to state actionable claims against WL Group, despite having been apprised of the defects of their claims **three times**—through WL Group's motion to dismiss, WL Group's response in opposition to Plaintiffs' first motion for leave to amend, **and** the Court's Order. The October SAC is now Plaintiffs' fourth attempt to plead their claims for breach of contract and breach of

---

[1] Because the Court's Order dismissed the operative claims against Wing Luen Knitting Factory Limited ("WL Knitting"), *see* Dkt. 30, and Plaintiffs declined to include it as a defendant in their proposed second amended complaint, WL Knitting is dismissed from this lawsuit and, thus, does not respond to Plaintiffs' Motion. *See Cavalino v. Cavalino*, 601 F. Supp. 74, 76 (N.D. Ga. 1984) (amendment that drops defendants or claims treated as dismissal with respect to those defendants or claims).

[2] Given Larry Yuen's passing, *see* Dkt. 32, and the Court's Order dismissing the operative claims against him, *see* Dkt. 30, WL Group's response addresses only the proposed claims against it pursuant to Plaintiffs' Motion and proposed second amended complaint, and not those against Mr. Yuen. The case is stayed against Mr. Yuen until Plaintiffs move to substitute a proper representative. *See* Fed. R. Civ. P. 25(a); Dkt. 32. If Plaintiffs decline to substitute, the action against Mr. Yuen must be dismissed. *Id.*

fiduciary duties against WL Group.  And, yet, Plaintiffs do not add any sufficient factual allegations or causes of action to remedy the defects that the Court explicitly identified for them.  Because the October SAC fails to correct the fatal defects identified by the Court, it is likewise futile.  Plaintiffs' claims should be dismissed with prejudice and WL Group should not be forced to continue defending baseless claims time and time again.

## FACTUAL & PROCEDURAL BACKGROUND

### I.    Procedural History

On August 12, 2021, Plaintiffs filed their initial Complaint, alleging ten separate causes of action.  Dkt. 1 ("Compl.").  On November 16, 2021, Plaintiffs filed their Amended Complaint ("FAC") asserting the same ten causes of action.  Dkt. 9.  On February 28, 2022, Defendants filed a motion to dismiss the FAC ("MTD") for, among other reasons, Plaintiffs' impermissible use of shotgun pleading and failure to satisfy even the most basic pleading requirements of Federal Rule of Civil Procedure 8(a)(2), let alone the heightened pleading standards applicable to Plaintiffs' fraud and securities fraud claims.  Dkt. 22.  Rather than respond to Defendants' MTD, on May 5, 2022, Plaintiffs filed a motion for leave to amend its FAC and attached a proposed Second Amended Complaint (the "May SAC").  Dkt. 27.

## II.    <u>The Court's Prior Order</u>

On September 20, 2022, the Court issued its Order denying Plaintiffs' motion for leave to amend and dismissing the FAC.  Dkt. 30 (the "Order"), at 1.  In dismissing *all* ten counts of the FAC, the Court concluded that it was an "all-too-typical shotgun pleading" that "fail[ed] to provide Defendants sufficient notice of the grounds upon which [Plaintiffs'] claims rest." *Id.* at 7–8.  Further, the Court held that Plaintiffs "ma[de] no effort to distinguish between the actions of the three Defendants, despite their markedly different roles . . . ." *Id.* at 8.  Thus, the Court found that the FAC was "deficient under Fed. R. Civ. P. 8(a)(2)," which was "particularly problematic considering that [Plaintiffs'] common law fraud and securities fraud claims require them to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b)." *Id.*

In denying Plaintiffs' motion for leave to amend, the Court found that the May SAC "fails to cure the defects of its predecessor" and "is futile" because it, too, "is an impermissible shotgun pleading and, therefore, fails to state a claim." *Id.* at 9. The May SAC "[did] little more than repackage the allegations of the FAC" and "'commits the mortal sin of re-alleging all preceding counts,' dooming it to the same fate—dismissal." *Id.* at 9–10.  The Court further concluded that, "[e]ven if the [May] SAC were not afflicted by the defect of duplicative, inconsistent allegations, its nine

counts are replete with conclusory and vague claims." *Id.* at 10.  Finding itself in the predicament of "hav[ing] to make several intermediate assumptions to conclude that the [May] SAC states a claim," the Court was "unwilling to go to such lengths to save [Plaintiffs'] shotgun pleading." *Id.* at 11.

## III.  <u>The October SAC</u>

Plaintiffs now attempt—***for a fourth time***—to restate their claims against WL Group.  Like the May SAC, the October SAC proposes to eliminate WL Knitting, who is now dismissed from this action entirely.  *See supra* at n.1.  The October SAC also eliminates six causes of action previously alleged in the FAC (*i.e.*, conversion, fraud, securities fraud, tortious interference, indemnity, and attorneys' fees).  The only remaining claims are two breach of contract claims and a breach of fiduciary duty claim, which are nearly identical to those previously alleged in the FAC and May SAC and which the Court already dismissed and found futile.  *See id.*

Plaintiffs claim the revisions "are meant to expedite these proceedings and lessen the judicial resources required to litigate these important matters."  Dkt. 31 at ¶ 10.  Despite Plaintiffs' professed efforts, however, the October SAC, like the May SAC before it, still "does little more than repackage the allegations of the FAC."  Order at 9.  Indeed, Plaintiffs' ***fourth*** repackaging of the same claims has hardly

lessened the burden on judicial resources or promoted the efficient and expeditious litigation of this matter.

## STANDARD OF REVIEW

Although leave to amend a pleading "should [be] freely giv[en] when justice so requires," Fed. R. Civ. P. 15(a)(2), the granting of such a motion is "by no means automatic," *O'Brien v. Union Oil Co.*, 699 F. Supp. 1562, 1571 (N.D. Ga. 1988) (citations omitted). "A district court may deny leave to amend where there is 'substantial ground for doing so, such as . . . futility of amendment.'" Order at 9 (citing *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008)). "Denying leave to amend is 'justified by futility when the 'complaint as amended is still subject to dismissal.''" Order at 9 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). As with a Rule 12(b)(6) motion to dismiss, a proposed amended complaint fails if it does not show that "***all the elements*** of the claim for relief" are plausible. *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339 (11th Cir. 2017) (emphasis added). An "impermissible shotgun pleading" which "incorporate[es] by reference the allegations of its predecessor counts" or a pleading "replete with conclusory and vague claims," would fail to state a claim and would, thus, be futile. Order at 7, 9–11.

## ARGUMENT & CITATION OF AUTHORITY

Plaintiffs once again ask the Court for leave to amend the FAC in a desperate attempt to salvage some plausible claim out of this meritless action.  Such attempt is futile because Plaintiffs still fail to state actionable claims for relief against WL Group.  Thus, the Court should deny Plaintiffs' Motion and dismiss Plaintiffs' claims—this time, with prejudice—lest Plaintiffs again attempt to repackage their insufficient claims.

### I.    Plaintiffs' Proposed Amendments Are Futile

Though the only remaining claims in Plaintiffs' October SAC are for breach of contract and breach of fiduciary duty, they are nearly identical to those previously alleged in the FAC and May SAC and which the Court already dismissed and found futile.  Order at 10–11 (finding these allegations "duplicative, inconsistent," "replete with conclusory and vague claims," and "groundless[]").  Because the October SAC "does little more than repackage the allegations of the FAC," *id.* at 9, and the May SAC, the Court should similarly find it futile and dismiss with prejudice.  *See L.S., ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328, 1332 (11th Cir. 2020) (affirming denial of leave to amend and dismissal of claims with prejudice as "any amendment to those counts would be futile").

## A.    The Breach of Fiduciary Duty Claim Fails As A Matter Of Law.

Plaintiffs' claim for breach of fiduciary duty against Defendant WL Group is futile for the simple reason that WL Group, as a corporate entity, cannot be a director of Kanopy Holdings and, therefore, cannot owe a fiduciary duty as a matter of law. Kanopy Holdings is a Delaware corporation.  October SAC ¶ 1.  As such, the board of directors of Kanopy Holdings "shall consist of 1 or more members, each of whom shall be a **natural** person."  8 *Del. C.* § 141(b) (emphasis added).[3]  But, as Plaintiffs correctly point out, WL Group is a "Hong Kong limited company"—**not** a "natural person" capable of being a director of a Delaware corporation, and by extension, owing fiduciary duties to the corporation or its stockholders.  October SAC ¶ 3.

To the extent Plaintiffs claim that WL Group is liable for any alleged breaches of fiduciary duty by Mr. Yuen, who is no longer a defendant in this action and, thus, does not join in this response, *see supra* at n.2, Delaware courts have clearly rejected that a corporation can be a *de facto* director by virtue of the actions of its agent.  *See Stewart v. Wilmington Tr. SP Servs., Inc.*, 112 A.3d 271, 299 (Del. Ch. 2015) ("reject[ing] the notion" that a corporation "could be deemed a *de facto* director of

---

[3] As Plaintiffs' breach of fiduciary claim remains based on duties owed to Plaintiff Kanopy Holdings, a Delaware corporation, Delaware law applies.  *See* Dkt. 28 at 16 n.6; MTD at 19.

[another] company" because a corporation cannot occupy a board seat); *see also Feeley v. NHAOCG, LLC*, 62 A.3d 649, 668 (Del. Ch. 2012) (when fiduciary duty breached, "a right of action exists (directly or derivatively) against **natural** persons") (emphasis added).  Plaintiffs cannot ascribe fiduciary duties to WL Group simply because Plaintiffs allege Mr. Yuen is "inextricably linked to WL Group, and is its sole decision-maker."  October SAC ¶ 14.  Mr. Yuen and WL Group are legally distinct.  WL Group, as a corporate entity, cannot and did not serve in a fiduciary capacity to Kanopy Holdings nor owed it any fiduciary duties as a matter of law.

As with their prior attempts, Plaintiffs' breach of fiduciary duty claim is futile for the additional reason that the claim still sounds in fraud and, thus, still fails to satisfy the heightened pleading requirement of Rule 9(b).  Indeed, Plaintiffs' deletion of their common law fraud claim does not save their claim for breach of fiduciary duty when such claim still rests on precisely the same underlying allegations as Plaintiffs' now-abandoned fraud claim.  *Compare* October SAC ¶¶ 45, 71, & 97 (alleging breach of fiduciary duty claim because WL Group and Mr. Yuen "fail[ed] to disclose material facts and/or fail[ed] to honor the representations and warranties" in Agreements, Defendants "deliberately withheld and failed to provide [] information," and Defendants "misrepresent[ed] and omit[ed] key facts and events in [their] communication with [Plaintiffs] and Semir"); *with* FAC ¶ 89 (alleging

- 8 -

fraud based on "false misrepresentations of fact" in connection with the SPA, the SEA, and the Semir investment) *and* May SAC ¶ 94 (alleging fraud based on failure to perform obligations under the SPA and SEA). Accordingly, the heightened standards of Rule 9(b) apply with equal force. *Rana Fin., LLC v. City Nat'l Bank of N.J.*, 347 F. Supp. 3d 1147, 1155 (S.D. Fla. 2018) (finding Rule 9(b) applies to breach of fiduciary duty claims if "alleged fraud is the predicate for the breach"); MTD at 19–20. As the Court has unequivocally held, these allegations cannot withstand Rule 8, let alone the heightened requirements of Rule 9(b). Order at 10. Because this breach of fiduciary claim—sounding in fraud—is no more sufficient than that alleged in the FAC and May SAC, the Court's prior ruling stands, "dooming [this claim] to the same fate—dismissal." *Id.*

Even if Plaintiffs' breach of fiduciary duty claim did not sound in fraud—which it does—the allegations are still futile as duplicative of Plaintiffs' breach of contract claims. *See Madison Realty Partners 7, LLC v. Ag ISA, LLC*, No. 18094, 2001 WL 406268, at *6 (Del. Ch. Apr. 17, 2001) (dismissing fiduciary claims as duplicative where they "are the subject of the breach of contract claims in the complaint"); *see also Gale v. Bershad*, No. 15714, 1998 WL 118022, at *5 (Del. Ch. Mar. 4, 1998). Plaintiffs allege that Defendants breached contracts by not providing required documents for closing, *see* October SAC ¶¶ 77, 88, and also allege that

Defendants breached fiduciary duties by "fail[ing] to provide [] information critical to closing the transaction(s)," *id.* ¶ 71.  These allegations are effectively identical, as are the damages sought for each claim.  *Compare id.* ¶ 83 (seeking to recoup loss of Semir investment for breach of the SEA) *with id.* ¶ 99 (seeking damages for "lost investment" for breach of fiduciary duty claim).

Accordingly, Plaintiffs' breach of fiduciary claim in the October SAC is futile and should be dismissed with prejudice.

### B.    Plaintiffs Do Not Adequately Allege A Breach Of Contract.

Despite the Court's clear instructions as to how Plaintiffs' prior claims in the FAC and May SAC were deficient and constituted "impermissible shotgun pleading[s]," Order at 9, Plaintiffs have made no attempt to alter their breach of contract claims to comply.  Thus, these claims—which, like the May SAC, "do[] little more than repackage the allegations of the FAC," *id.*—are futile and should be dismissed with prejudice.

### 1.    The Agreements By Their Own Terms Bar Plaintiffs' Claims.

Plaintiffs cannot state a viable breach of contract claim for monetary damages as the plain text of the Agreements mandates a different outcome.  As Plaintiffs make no attempt whatsoever to remedy the defects of their previously dismissed breach of contract claims, WL Group need not alter its arguments.  For the same reasons

WL Group has fully articulated twice already, *see* MTD at 21–23; Dkt. 28 at 19–20, the Agreements unambiguously prescribe a remedy for failure to close the respective transactions, and that remedy contradicts the remedies Plaintiffs seek in this action. *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 625 (D. Del. 2015) (court may disregard complaint where "unambiguous language of a contract contradicts plaintiffs' allegations"). With respect to the SEA, Plaintiffs allege that Defendants failed to deliver certain required items necessary to close the transaction. *See, e.g.*, October SAC ¶¶ 77–79. According to Plaintiffs' own allegations, the SEA never closed. The SEA clearly sets forth the remedy for any alleged failure to deliver closing obligations—the termination of the SEA. *See* Compl. Ex. A, § 6.6 & October SAC Ex. A, § 6.6. Plaintiffs' allegations reflect, at most, a failure to deliver items required by closing, for which the remedy is termination of the agreement, and not a breach of contract claim.

Similarly, the plain language of the SPA and Second Addendum Agreement directly contradicts Plaintiffs' allegations in Counts I and II and provides specific remedies for the alleged conduct of which Plaintiffs complain. *See* MTD at 22–23. Plaintiffs yet again attempt to circumvent the plain language of the Agreements they signed and attribute the entire loss to alleged malfeasance by WL Group, ignoring

that businesses and investments can and do fail every day for a litany of reasons, and not every loss stems from malfeasance or warrants any recovery.

### 2. Plaintiffs Have Ratified Any Alleged Breaches Of The Agreements And, Thus, Forfeited Any Claim.

Plaintiffs' claims for breach of the Agreements also fails because Plaintiffs ratified much of the complained-of conduct through the First and Second Addendum Agreements, and Plaintiffs' proposed October SAC does not—and cannot—rectify this incurable defect. *See* MTD at 23–24. Plaintiffs allege, as they previously did in the failed May SAC, that "[a]s a direct and proximate result of Yuen and W L Group's failure to perform their contractual obligations [under the SEA], Kanopy Holdings failed to receive the benefits and/or performance to which it was entitled." *Compare* October SAC ¶ 82 *with* May SAC ¶ 77. But Plaintiffs nevertheless chose to continue with the transaction and seek the benefits of the bargain under the First and then Second Addendum Agreements. Taking an affirmative act to retain the benefits of the transaction ratifies any prior breaches and forfeits the right to assert those claims. *Cianci v. JEM Enters., Inc.*, No. 16419-NC, 2000 WL 1234647, at *12 (Del. Ch. Aug. 22, 2000). The proposed October SAC still clearly demonstrates that Plaintiffs ratified through the Second Addendum Agreement any contractual breaches, including misrepresentations, made prior to the March 25, 2020 closing of the Second Addendum Agreement by accepting the benefits therein—namely, a

lower purchase price.  *See* Compl. Ex. D & October SAC Ex. D.  Consequently, as WL Group has argued twice before, and the Court has found in its favor, Plaintiffs' breach of contract claims cannot survive as pled.

Finally, as in Plaintiffs' prior attempts, there is no allegation supporting a conclusion that Semir would have invested ***but for*** Defendants' alleged actions and, thus, Plaintiffs do not establish any causal link between the alleged breaches of contract and the alleged total loss of value of Kanopy Holdings.  *See* October SAC ¶ 83 (alleging damages amounting to $26,000,000, the alleged total value of Kanopy Holdings).  Plaintiffs still do not allege ***when*** Semir terminated its investment relative to the alleged breaches of the Agreements.  *See* Dkt. 28 at 5.  If Semir terminated its investment ***after*** the Second Addendum Agreement, Plaintiffs ratified any alleged breaches which occurred prior to that agreement by signing it and retaining the benefits thereunder.  *See supra* at 10–11.  And, if Semir terminated its investment ***before*** the Second Addendum Agreement, Plaintiffs still ratified any alleged breaches because Plaintiffs elected to continue with the transaction even in the absence of the allegedly pivotal Semir investment.  WL Group made this exact argument in the MTD, *see* MTD at 23, and first response in opposition to the proposed May SAC, *see* Dkt. 28 at 22, and Plaintiffs' proposed October SAC ***still***

fails to clarify when, or even why, Semir terminated its investment and does nothing to otherwise address this shortcoming.

Though Plaintiffs have long been on notice as to precisely how to rectify their deficient claims (even assuming it could be done), with the benefit of two rounds of briefing from WL Group *and* the Court's Order, Plaintiffs nevertheless fail to do so in their ***fourth*** attempt.  In holding that Plaintiffs' fraud-based claims are "***not alone in their groundlessness***," the Court previously declined to "make several intermediate assumptions to conclude that the [May] SAC states a claim and may survive dismissal."  Order at 11 (emphasis added).  Here, the Court should similarly be "unwilling to go to such lengths to save [Plaintiffs'] shotgun pleading."  *Id.* Consequently, Plaintiffs' breach of contract claims are futile and should be dismissed with prejudice.

## II.    Plaintiffs' Proposed Amendments Will Prejudice WL Group And Further Delay The Inevitable Dismissal Of Their Claims.

Plaintiffs' proposed amendments do nothing to rectify the fatal flaws the Court identified in Plaintiffs' first three attempts to allege these claims, which the Court has already found futile and dismissed.  The Court's Order was clear and unequivocal as to what Plaintiffs need to do in order to continue this litigation— Plaintiffs "must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their

claims." Order, at 11 (citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004)). Instead, Plaintiffs pay mere lip service to the Court's directives and still "'commit[] the mortal sin of re-alleging all preceding counts,' dooming it to the same fate—dismissal." Order at 10 (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Plaintiffs have not uncovered new facts necessary to state these claims. Like the May SAC, the October SAC *still* "makes no effort to distinguish between the actions of [WL Group and Mr. Yuen], despite their markedly different roles," Order at 8, and despite WL Group being *incapable* of performing the acts underlying the alleged wrong as a matter of law, *see supra* at 7–8. Plaintiffs' failure to distinguish between WL Group and Mr. Yuen is particularly troublesome given Mr. Yuen's death. WL Group is improperly burdened with deciphering which allegations necessitate a separate response from WL Group and which allegations should be addressed by Mr. Yuen's representative, should Plaintiffs decide to substitute a representative and preserve their claims against him. Given the prospect of asynchronous litigation with different counsel representing Plaintiffs' proposed substitute, Plaintiffs' failure to distinguish between Defendants is particularly egregious. "Because the [October SAC] fails to clarify which Defendant is

responsible for which alleged harm, it is deficient under Fed. R. Civ. P. 8(a)(2)." Order at 8.

While Plaintiffs now repackage their claims in an attempt to superficially comply with the Court's directives, fundamentally, Plaintiffs' factual allegations remain largely unchanged. The Court already has examined and ruled on Plaintiffs' allegations, finding that it "would have to make several intermediate assumptions to conclude that the [May] SAC states a claim and may survive dismissal." Order at 11. Despite omitting Plaintiffs' more egregious claims for relief and making other technical alterations, the October SAC does not supply any new factual allegations that would alleviate the Court's burden to make such "intermediate assumptions." *Id.* Plaintiffs' failure to substantively amend any factual allegations—in light of the Court's Order and WL Group's two briefs debunking claims based on nearly identical allegations—renders the proposed amendment particularly prejudicial and futile.

Plaintiffs' repeated failure to cure the defects in what is now ***four*** iterations of the complaint further warrants denial of leave to amend. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint.");

*see also Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (affirming dismissal without leave to amend where trial court was "explicit in expressing its concern over the complaint's deficiencies and in recommending the changes necessary to correct them"); *Kelley v. JP Morgan Chase Bank*, No. 1:11-CV-2497, 2012 WL 12873616, at *3–4 (N.D. Ga. Oct. 22, 2012) (allowing repeated amendments that fail to cure deficiencies "would clearly be prejudicial to Defendants"). As WL Group has already successfully argued, *see* Dkt. 28 at 24–25, and which rings true even more so after Plaintiffs' *second* attempt at a motion for leave to amend, allowing Plaintiffs to file their proposed October SAC would prejudice WL Group, as it contains no new claims, does little more than make minor adjustments to the clear deficiencies raised by the Court and WL Group previously, and still does not ultimately address the patent faults in Plaintiffs' theory of the case. *See Cardelle v. Miami-Dade Cty.*, 609 F. App'x 632, 633 (11th Cir. 2015) (denial of leave to amend proper where proposed amendment "made no substantive changes to the allegations").

There was no clear error in the Court's order, and so the Court should rebuke Plaintiffs' thinly-veiled attempt to present the same issues in the hopes the Court will ignore its prior ruling. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003) (courts can revisit their own prior decisions but should be "loath to

- 17 -

do so" unless initial decision was "clearly erroneous") (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)).  Because the October SAC fails to add facts necessary to establish Plaintiffs' conclusory allegations, the proposed amendment is futile.

## <u>CONCLUSION</u>

For the foregoing reasons, and those addressed in Defendants' MTD and Defendants' Response in Opposition to Plaintiffs' (First) Motion for Leave to File a Second Amended Complaint, this Court should deny Plaintiffs' Motion and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted, this 19th day of December, 2022.

<u>*/s/ Mary M. Weeks*</u>
Mary M. Weeks, GA Bar No. 559181
Bianca N. DiBella, GA Bar No. 820341
TROUTMAN PEPPER
HAMILTON SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
Tel:  (404) 885-3000
Fax:  (404) 885-3900
mary.weeks@troutman.com
bianca.dibella@troutman.com

*Attorneys for WL Group Limited*

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned attorney herby certifies that the foregoing was prepared in accordance with N.D. Ga. L.R. 5.1, using Times New Roman, font, 14 point.

This 19th day of December, 2022.

*/s/ Mary M. Weeks*
Mary M. Weeks

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 19th day of December, 2022.

*/s/ Mary M. Weeks*
Mary M. Weeks